## NORTH AMERICAN UTILITY SECURITIES CORPORATION v. POSEN et al.

United States District Court
S. D. New York.
Dec. 13, 1948.

Sullivan & Cromwell, of New York City (Henry N. Ess, III, of New York City, of counsel), for plaintiff.

Irving Steinman, of New York City, for defendants.

Myron S. Isaacs, Special Counsel Division of Public Utilities, Howard S. Guttmann, Walter H. Glass, and Richard Donovan, all of Washington, D. C., for Intervener Securities and Exchange Commission.

HULBERT, District Judge.

Plaintiff moves pursuant to rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., for summary judgment in this action and a permanent injunction.

Defendants and the intervener move for an order dismissing the complaint pursuant to F.R.C.P. 12(b) (6) and 56, upon the ground that the complaint herein fails to state a claim upon which relief can be granted. The intervener seeks, in the alternative, summary judgment on the ground that there is no genuine issue as to any material fact.

Plaintiff (hereinafter designated N.A. U.S.), is an investment company, incorporated in Delaware but doing business in this District.

North American Company (hereinafter designated North American), is a registered public utility holding company under Public Utility Holding Company Act of 1935, 15 U.S.C.A. § 79 et seq. (hereinafter called the Act), and N.A.U.S. is its subsidiary as defined in the Act.

The outstanding capital stock of plaintiff consists of 60,000 shares of preferred stock, and 466,548 shares of common stock, all without par value. North American owns all of the preferred stock and 376,-151 shares of the common stock. The remaining 90,397 shares of common stock is held by the public.

Defendants Posen and Kraft and Mrs. Posen own 2,800 shares of the common stock. Defendant Kalik is an attorney and owns no stock.

Acting under section 11(b) (1) of the Act, the Commission, by order dated April 14, 1942, directed North American to sever its relationship with the plaintiff, "by disposing or causing the disposition, in any appropriate manner not in contravention of the applicable provisions of the Act or the rules and regulations promulgated thereunder, of (North American's) direct and indirect ownership, control and holding of securities issued and properties owned, controlled and operated by (plaintiff)."

Acting under section 11(e) of the Act, North American on June 21, 1948, filed with the Commission a plan, the purpose of which was and is to effect the dissolution and winding up of plaintiff, and the liquidation of all its outstanding securities in compliance with the said order.

Defendants Posen, Kraft and Kalik have constituted themselves a stockholders' committee. They have participated in the proceedings before the Commission by counsel, who is also counsel for the committee and represents twenty-one other stockholders. These twenty-three stockholders own approximately 18,000 shares of plaintiff's common stock, or approximately 20% thereof in the hands of the public.

Hearings on the plan were called by the Commission by notice dated August 3, 1948, copy of which was mailed to each stockholder of the plaintiff, and hearings were held on August 24, September 28, 29 and 30, and November 9 and 10, and have not yet been closed.

The defendants Posen, Kraft and Kalik sought to solicit authorization from plaintiff's stockholders in respect to said plan filed under section 11(e) of the Act, and plaintiff's counsel contends the application falls squarely within the prohibitions of section 11(g) of the Act, the interpretation of which the plaintiff further contends is the crux of this motion. With this neither the counsel for the defendants and the stockholders' committee nor the counsel for the Commission agree.

The plan provides that all of the assets of the plaintiff would go to North American, and that all publicly held stock of the plaintiff will be cancelled without compensation to its holders.

Before deciding whether the plan is fair and equitable, particularly in that respect, the Commission urges that the holders of the publicly owned stock, whose interests may be wiped out, should be given every opportunity to be heard through representatives chosen on the basis of the full and fair disclosure required by rule U-62 of the General Rules and Regulations promulgated by the Commission under the Act.

It appears to the court there must be a recognized distinction between a limitation upon the solicitation of a proxy, consent, authorization, power of attorney, power or dissent "in respect to any reorganization plan" and an authorization to represent security holders in respect of proceedings on a plan before the Commission or in court, particularly in the light of the last sentence of section 11(g):

"Nothing in this subsection or the rules and regulations thereunder shall prevent any person from appearing before the Commission or any court through an attorney or proxy."

If the Commission should hold fair and equitable the proposed plan, or any amendment thereof, whereby the minority stockholders will be totally divested of such interest, it certainly should not be without any opportunity for all minority common stockholders to be heard.

The notice dated August 3, 1948, mailed to all minority stockholders, does not preclude a solicitation to secure unified representation. It certainly cannot be assumed that they are acquainted one with another and have the opportunity for intercommunication, consultation and concerted action among themselves.

To afford them such opportunity through solicitation which the individual defendants have organized does not do violence to the statute. The Commission in the discharge of its functions has ruled specifically upon the point in issue, and the applicability of section 12e to solicitations in cases of this type. In the Matter of Thomas J.

Walsh et al., Federal Securities Law Reporter C.C.H. Par. 75, 516.

Counsel for the plaintiff cites no case to the contrary.

■ In the circumstances of this case the Commission's interpretation of the Act should control unless plainly erroneous. Securities and Exchange Commission v. Associated Gas & Electric Co., 2 Cir., 1938, 99 F.2d 795, 798.

Motion of the plaintiff for summary judgment and a permanent injunction is denied and the defendants' and intervener's motions to dismiss the complaint granted.

Settle order on notice.